UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGINALD WAYNE WILTON,

                    Plaintiff,

    v.

RONALD HAYNES, et al.,

                    Defendant.

CASE NO. 3:23-CV-5721-TL-DWC

ORDER STAYING THE CASE

      Plaintiff Reginald Wayne Wilton proceeds *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. *See* Dkts. 7, 8. The District Court has referred this action to United States Magistrate Judge David W. Christel. The following motions are currently pending before the Court:

     (1) Plaintiff's second motion to substitute a party (Dkt. 50);

     (2) Defendants' motion for summary judgment (Dkt. 80);

     (3) Plaintiff's motion for leave to file a second amended complaint (Dkt. 91);

     (4) Plaintiff's motion to re-note the motion for leave to file a second amended
         complaint (Dkt. 97); and

ORDER STAYING THE CASE - 1

   (5) Plaintiff's motion for leave to file an over-length reply in support of his motion for leave to file a second amended complaint (Dkt. 99).

 For the reasons explained below, the Court has determined this case shall be stayed in the interests of justice, judicial economy, and efficiency. Plaintiff's motion to re-note (Dkt. 97) is therefore DENIED as moot.[1] The remaining pending motions will be re-noted by the Court once the stay is lifted.

### I. Background

 On March 6, 2024, Plaintiff moved to substitute Robert Hanny for deceased Defendant Christensen under Rule 25(a)(1). Dkt. 50. On May 30, 2024, the Court issued an order directing the United States Marshals Service to personally serve the motion on Mr. Hanny at an address filed under seal. Dkt. 87. At this time, the record indicates that service has not yet been accomplished, and the Court is still working to complete service on Plaintiff's behalf in accordance with Rule 4(c)(3). *See* Dkt. 96.

### II. Discussion

 "A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing 299 U.S. 248, 254 (1936)); *see also Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. Mar. 17, 2017) ("Courts have the power to consider stays *sua sponte*."). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299

---

[1] The Court reads this motion as a request for additional time for Plaintiff to file his reply to Defendant's response to the motion for leave to file a second amended complaint. *See* Dkt. 97. Plaintiff then filed the reply on July 12, 2024. Dkt. 98. Although the motion to re-note is denied, the Court will consider Plaintiff's reply in support of his motion when the motion is ripe for consideration.

ORDER STAYING THE CASE - 2

U.S. at 254). To determine whether a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court finds the interests of justice, judicial efficiency, and economy warrant a stay in this case. As the Court noted in a previous order, the motion to substitute must be personally served on Mr. Hanny to establish personal jurisdiction before the Court can rule on Plaintiff's motion to substitute a party. *See* Dkt. 60. The resolution of this motion may affect the Court's consideration of Defendants' motion for summary judgment and Plaintiff's motion for leave to file a second amended complaint. Therefore, the stay will not cause any added delay in these proceedings and will promote judicial efficiency and economy by removing any need for additional extensions of time to allow for proper service.

### III. Conclusion

For the reasons discussed above, the Court ORDERS as follows:

(1) This matter is stayed pending further order from this Court.

(2) Plaintiff's motion to re-note the motion for leave to file a second amended complaint (Dkt. 97) is DENIED as moot.

(3) While this matter is stayed, motions will not be considered by the Court. Therefore, the parties are directed to refrain from filing motions with the Court until the stay is lifted. Any motions filed during the stay will be rejected.

(4) The Clerk of Court is directed to terminate all pending noting dates. *See* Dkt. 50, 80, 91, 99. When the stay is lifted, the Court will re-note Plaintiff's second motion to substitute a party (Dkt. 50), Defendants' motion for summary judgment (Dkt. 80), Plaintiff's motion for leave to file a second amended complaint (Dkt. 91), and Plaintiff's motion for leave to file an over-length reply in support of his motion for leave to file a second amended complaint (Dkt. 99).

(5) Because the noting date for Defendants' motion for summary judgment is terminated, Plaintiff is no longer required to file his response to this motion by August 9, 2024. *See* Dkt. 93. The Court will set a new deadline for this filing when the stay is lifted.

Dated this 19th day of July, 2024.

David W. Christel
United States Magistrate Judge