UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGINALD WAYNE WILTON,

                 Plaintiff,

     v.

RONALD HAYNES, et al.,

                 Defendants.

CASE NO. 3:23-CV-5721-TL-DWC

ORDER ON MISCELLANEOUS MOTIONS

       Plaintiff Reginald Wayne Wilton proceeds *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. *See* Dkts. 7, 8. The District Court has referred this action to United States Magistrate Judge David W. Christel. Multiple motions are currently pending before the Court: Plaintiff's second motion to substitute a party (Dkt. 50), Defendants' motion for summary judgment (Dkt. 80), Plaintiff's motion for leave to file a second amended complaint (Dkt. 91), Plaintiff's motion requesting the Court issue a subpoena on a non-party (Dkt. 113), Plaintiff's two motions for judicial notice (Dkts. 114, 116), Plaintiff's motion for leave to file a third amended complaint (Dkt. 122), Plaintiff's motion for leave to file over-length response to

ORDER ON MISCELLANEOUS MOTIONS - 1

1  Defendants' motion for summary judgment (Dkt. 128), and Plaintiff's motion for leave to file
2  over-length reply to Defendants' response regarding the motions for judicial notice (Dkt. 132).
3       Plaintiff's motion for leave to file a second amended complaint (Dkt. 91) is DENIED as
4  moot. Plaintiff's motions requesting the Court issue a subpoena on a non-party (Dkt. 113) and
5  for judicial notice (Dkts. 114, 116) are DENIED. Plaintiff's motion for leave to file over-length
6  response to Defendants' motion for summary judgment (Dkt. 128) is GRANTED. Plaintiff's
7  motion for leave to file over-length reply to Defendants' response regarding the motions for
8  judicial notice (Dkt. 132) is DENIED.[1]

9      **I.**    **Motion for Leave to File a Second Amended Complaint (Dkt. 91)**

10       On June 14, 2024, Plaintiff filed a motion for leave to file a second amended complaint
11  with an attached proposed amended complaint. Dkt. 91. In the order lifting the stay of this
12  matter, the Court re-noted the motion for consideration on February 21, 2025. Dkt. 111. On
13  January 31, 2025, Plaintiff filed a motion requesting leave to file a third amended complaint with
14  an attached proposed amended complaint. Dkt. 122. In this motion, Plaintiff indicated the new
15  version of the complaint included additional facts and further support for his claims. *Id.*
16  Accordingly, Plaintiff's motion for leave to file a second amended complaint (Dkt. 91) is
17  DENIED as moot. Plaintiff's motion for leave to file a third amended complaint (Dkt. 122)
18  remains noted for consideration on February 21, 2025.

19      **II.**    **Motion for Subpoena (Dkt. 113)**

20       On January 8, 2025, Plaintiff filed a motion requesting the Court issue a subpoena to non-
21  party Yong K. Shin, M.D. Dkt. 113. He requests that Dr. Shin, a former DOC employee and

---

[1] Plaintiff's second motion to substitute a party (Dkt. 50), Defendants' motion for summary judgment (Dkt. 80), and Plaintiff's motion for leave to file a third amended complaint (Dkt. 122) are noted for consideration on February 21, 2025, so the Court will not address those motions in this order.

ORDER ON MISCELLANEOUS MOTIONS - 2

Plaintiff's primary care provider for approximately two years, produce "any and all of the relevant certified copies of Plaintiff's 'Health Services Kites' and also his 'Primary Encounter Reports' from between January 1, 2023, through August 30, 2024." *Id.* at 3. Plaintiff also requests Dr. Shin produce a "signed sworn declaration attesting to the fact that he had diagnosed plaintiff with having the two debilitating health issues [narcolepsy and post-COVID syndrome] reflected during the time of January 1, 2023, through August 30, 2024." *Id.* Defendants oppose this motion, arguing that Plaintiff "appears to be using a Rule 45 subpoena to undercut the rules of discovery" by seeking additional discovery after the deadline and that Plaintiff's request for a declaration is improper. Dkt. 120 at 2–3.

"Under Fed. R. Civ. P. 45 (a)(1), a subpoena may direct [a] non-party to a case to produce designated documents or electronically stored information." *Casterlow-Bey v. Trafford Publ'g Co.*, No. 17-5459 RJB, 2017 WL 11358483, at *2 (W.D. Wash. Oct. 30, 2017). "A subpoena issued pursuant to Federal Rule of Civil Procedure 45 is subject to the permissible scope of discovery set forth in Federal Rule of Civil Procedure 26." *Rodrigues v. Ryan*, No. CV1608272PCTDGCESW, 2018 WL 1109557, at *2 (D. Ariz. Mar. 1, 2018). Generally, under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). But Courts may limit the frequency or extent of discovery. Fed. R. Civ. P. 26(b)(2)(c).

Generally, *pro se* parties may be entitled to the issuance of a subpoena commanding the production of documents from a non-party, subject to certain requirements. *See* Fed. R. Civ. P. 26(b), 34(c), 45. However, courts "will consider granting such a request only if the documents sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for production." *Sessing v. Sherman*, No. 1:13-cv-01684-LJO-MJS

ORDER ON MISCELLANEOUS MOTIONS - 3

(PC), 2016 WL 5093929 at *2 (E.D. Cal. July 18, 2016) (citing Fed. R. Civ. P. 34); *see also Kitchens v. Tordsen*, No. 1:12-cv-0105-SWI-MJS (PC), 2014 WL 4418108 at *1 (E.D. Cal. Sept. 5, 2014). Before the Court will consider serving a subpoena, a plaintiff must first attempt to acquire the materials through the discovery process and then, if a defendant refuses to produce the discovery, by filing a motion to compel. *See Sessing*, 2016 WL 5093929 at *2; *Kitchens*, 2014 WL 4418108 at *1. "A Rule 45 subpoena may not be used to circumvent discovery rules[.]" *Baker v. Hopkins*, No. 221CV00361MJPJRC, 2022 WL 305395, at *2 (W.D. Wash. Feb. 2, 2022) (quoting *Thornton v. Crazy Horse, Inc.*, No. 3:06-CV-00251-TMB, 2012 WL 13032922, at *2 n.26 (D. Alaska Jan. 3, 2012)).

Under this Court's Local Rules, "[i]nterrogatories, requests for admission or production, etc., must be served sufficiently early that all responses are due before the discovery deadline." Local Rules W.D. Wash. LCR 26(d). The Court's scheduling order dated November 28, 2023, informed the parties that all discovery should be completed by April 29, 2024. Dkt. 19. Plaintiff claims he was unable to request these documents before the discovery deadline because defense counsel did not respond to his request to meet and confer. Dkt. 125 at 4. But this does not explain why Plaintiff failed to seek the documents dated before the close of discovery or file a motion to compel production.

Further, Plaintiff's request that Dr. Shin produce a declaration is improper. A subpoena served upon a non-party may seek only (1) that the individual attend and testify at a deposition, (2) the production of documents, electronically stored information, or tangible things within the possession, custody, or control of the non- party, or (3) inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 does not provide for production of a declaration. Accordingly, Plaintiff's motion requesting the Court issue a subpoena on a non-party (Dkt. 113) is DENIED.

### III. Motions for Judicial Notice (Dkts. 114, 116)

On January 8, 2025, Plaintiff filed two motions for judicial notice with accompanying declarations. Dkts. 114, 115, 116, 117. In his first motion, Plaintiff requests the Court take judicial notice of information in his declaration, which consists of testimony about his medical care and unreadable copies of six health services kites. Dkt. 114 at 1; Dkt. 115. In the second motion, Plaintiff asks the Court to take judicial notice of multiple health services kites attached to his declaration. Dkt. 116 at 1; Dkt. 117. Again, the attached health services kites are largely unreadable. *See* Dkt. 117-1. Defendants object to these motions, arguing they are "plainly violative of the Federal Rules of Evidence." Dkt. 121 at 1.

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (quoting *Wright v. Brooke Grp. Ltd.*, 114 F. Supp. 2d 797, 816 (N.D. Iowa 2000)).

Plaintiff's testimony regarding his medical care does not present facts that are beyond dispute; on the contrary, these disputed facts are central to this case. The Court also declines to take judicial notice of the unreadable documents submitted by Plaintiff, which, as Defendants point out, "mak[e] it nearly impossible to determine what Wilton asks this Court to take judicial notice of." Dkt. 121 at 2. Accordingly, Plaintiff's motions for judicial notice (Dkts. 114, 116) are DENIED.

ORDER ON MISCELLANEOUS MOTIONS - 5

IV.     **Plaintiff's Motion for Leave to File Over-Length Response (Dkt. 128)**

In the Court's order lifting the stay in this case, the Court re-noted Defendants' motion for summary judgment for consideration on February 21, 2025, and advised Plaintiff that his response to the motion would be due February 14, 2025. Dkt. 111. On February 12, 2025, Plaintiff filed a motion for leave to file an over-length response to Defendants' motion for summary judgment. Dkt. 128. He then filed his response, followed by a praecipe to replace page 33 of the response. Dkts. 129, 131. Plaintiff asserts he was not able to adequately respond to Defendants' arguments within the allotted 24 pages and required additional pages, excluding attachments and exhibits.[2] Dkt. 128. Finding good cause and in the interest of justice, Plaintiff's motion for leave to file over-length response to Defendants' motion for summary judgment (Dkt. 128) is GRANTED. The Court will consider the entirety of Plaintiff's response (Dkt. 129) with replaced page 33 (Dkt. 131). In accordance with the Local Rules, Defendants are also granted additional pages for their reply brief, which shall not exceed 21 pages. *See* Local Rules W.D. Wash. LCR 7(f)(4).

V.     **Plaintiff's Motion for Leave to File Over-Length Reply (Dkt. 132)**

As noted above, Plaintiff's motions for judicial notice (Dkts. 114, 116) were filed on January 8, 2025, and noted for consideration on January 29, 2025. Defendants' response (Dkt. 121) was filed on January 23, 2025, and Plaintiff's reply (Dkt. 123) was filed on February 4, 2025. On February 14, 2025, Plaintiff filed a motion for leave to file an over-length reply to Defendants' response to his motions for judicial notice. Dkt. 132. The Court has already exercised its discretion to consider a reply filed outside the time allowed by the Local Rules and

---

[2] Plaintiff's motion states he is "requesting for twelve (17) [sic] additional pages," but Plaintiff's submitted response contains a total of 42 pages. Dkt. 128 at 2; Dkt. 129. The Court therefore interprets Plaintiff's motion as requesting the 18 additional pages required to encompass the entirety of Plaintiff's response.

will not entertain an additional, unauthorized reply. *See* Local Rules W.D. Wash. LCR 7(b)(3), (d)(3). Plaintiff's motion for leave to file an over-length reply to Defendants' response to his motions for judicial notice (Dkt. 132) is DENIED.

## VI.    Conclusion

For the reasons discussed above, the Court ORDERS as follows:

(1) Plaintiff's motion for leave to file a second amended complaint (Dkt. 91) is DENIED as moot.

(2) Plaintiff's motion for subpoena (Dkt. 113) is DENIED.

(3) Plaintiff's motions for judicial notice (Dkts. 114, 116) are DENIED.

(4) Plaintiff's motion for leave to file over-length response to Defendants' motion for summary judgment (Dkt. 128) is GRANTED.

(5) Plaintiff's motion for leave to file over-length reply to Defendants' response to the motions for judicial notice (Dkt. 132) is DENIED.

Dated this 18th day of February, 2025.

David W. Christel
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 7