1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

REGINALD WAYNE WILTON,

11
                             Plaintiff,

                v.

12

RONALD HAYNES, et al.,

13
                             Defendants.

14

CASE NO. 3:23-CV-5721-TL-DWC

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT
AND MOTION TO FILE OVER-
LENGTH REPLY

15
16          Plaintiff Reginald Wayne Wilton proceeds *pro se* and *in forma pauperis* in this civil

17  rights action under 42 U.S.C. § 1983. *See* Dkts. 7, 8. The District Court has referred this action to

18  United States Magistrate Judge David W. Christel.

19          Multiple motions are currently pending before the Court: Plaintiff's motion to substitute a

20  party (Dkt. 50), Defendants' motion for summary judgment (Dkt. 80), Plaintiff's motion for

21  leave to file a second amended complaint (Dkt. 122), Plaintiff's motion for a preliminary

22  injunction (Dkt. 136), Defendants' motion to strike, (Dkt. 140), Plaintiff's motion for default

23  judgment (Dkt. 144), Plaintiff's motion for leave to file over-length reply in support of his

24  ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO FILE A SECOND AMENDED
COMPLAINT AND MOTION TO FILE OVER-
LENGTH REPLY - 1

motion to amend (Dkt. 152), Plaintiff's motion to strike (Dkt. 156), Defendants' motion to strike (Dkt. 160), and Plaintiff's motion for judicial estoppel (Dkt. 161).

For the reasons below, Plaintiff's motion to amend (Dkt. 122) and motion for leave to file over-length reply in support of his motion to amend (Dkt. 152) are DENIED. The remaining pending motions will not be addressed in this order.

## I.    Relevant Background

Plaintiff initiated this case on August 9, 2023. *See* Dkt. 1. On September 6, 2023, Plaintiff filed a proposed amended complaint that was substantially similar to the original complaint except that it included page number 22, which appeared to have been omitted from the original complaint. *See* Dkts. 1-1, 6.

On January 30, 2024, Plaintiff submitted his first motion for leave to file a second amended complaint and then submitted the proposed second amended complaint separately. Dkts. 33, 35. The proposed second amended complaint indicated changes and additions with brackets and underlines, but it was not signed or dated. *See* Dkt. 35. On February 23, 2024, the Court denied the motion without prejudice because Plaintiff's proposed second amended complaint did not comply with Federal Rule of Civil Procedure 11(a). Dkt. 42.

On February 27, 2024, Plaintiff filed a second motion for leave to file a second amended complaint, attaching a signed and dated proposed second amended complaint that indicated changes with brackets and underlines. Dkt. 49. On March 8, 2024, he submitted a third version of the motion with a new proposed second amended complaint. Dkt. 52. Defendants filed a response opposing the motion on March 25, 2024. Dkt. 59. The next day, Plaintiff filed a fourth motion for leave to file a second amended complaint. Dkt. 62. The following week, Plaintiff

requested that the Clerk terminate the fourth motion filed March 26, 2024, and substitute a fifth version of the motion for leave to file a second amended complaint. Dkt. 66.

On April 8, 2024, the Court noted that three separate motions for leave to file a second amended complaint were pending, each with a different version of the proposed second amended complaint attached. Dkt. 68. The second and third motions were denied as moot, and the Court specified that Plaintiff's fifth motion (Dkt. 66) was the operative version of the motion. *Id.* Defendants filed a response opposing the motion on April 15, 2024. Dkt. 70. Plaintiff filed a reply on April 19, 2024. Dkt. 71.

The Court denied Plaintiff's fifth motion to file a second amended complaint without prejudice and with leave to re-file because Plaintiff had attached multiple versions of his proposed second amended complaint to the motion and had attempted to make further changes to the proposed second amended complaint in his reply. Dkt. 88. The Court advised Plaintiff that any future request to amend must attach a single version of his proposed second amended complaint that included all facts and claims, complied with all applicable local and federal rules, and did not include any additional attachments. *Id.*

On June 14, 2024, Plaintiff filed a sixth motion for leave to file a second amended complaint. Dkt. 91. Defendants objected, and Plaintiff filed a reply in support of his motion. Dkts. 95, 98. The Court then stayed the case. Dkt. 100. On December 20, 2024, the Court lifted the stay and re-noted Plaintiff's sixth motion to amend for consideration on February 21, 2025. Dkt. 111.

On January 31, 2025, Plaintiff filed a seventh motion for leave to file a second amended complaint. Dkt. 122. Defendants filed a response in opposition on February 18, 2025. Dkt. 134. That same day, Plaintiff filed an eighth motion for leave to file a second amended complaint.

Dkt. 138. The Court struck this motion as duplicative because the proposed second amended complaint attached to the eighth motion appeared substantively identical to the version attached to Plaintiff's seventh motion. Dkt. 142. The Court further directed Plaintiff to refrain from excessive filing and advised Plaintiff that it would not accept any new versions of the proposed second amended complaint before deciding his seventh motion. *Id.*

Plaintiff filed a reply in support of his seventh motion and accompanying declaration. Dkts. 147, 148. Then, on March 6, 2025, Plaintiff filed a praecipe to replace eight pages of the proposed second amended complaint submitted with his seventh motion. Dkt. 151. These "corrected" pages contained substantive changes to the proposed second amended complaint, including listing an additional defendant. *Id.* The same day, Plaintiff filed a motion for leave to file an over-length reply in support of his seventh motion to amend. Dkt. 152.

## II.    Discussion

### A.    Motion for Leave to File Over-Length Reply (Dkt. 152)

As a preliminary matter, Plaintiff seeks leave to file an over-length reply in support of his seventh motion for leave to file a second amended complaint. Dkt. 152. But Plaintiff has already filed a reply in support of his motion. *See* Dkt. 147. An additional reply is not permitted by the local rules. *See* Local Rules W.D. Wash. LCR 7(b)(3), (d)(3). Accordingly, Plaintiff's motion for leave to file over-length reply (Dkt. 152) is DENIED.

### B.    Motion for Leave to File a Second Amended Complaint (Dkt. 122)

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course in certain circumstances but thereafter may amend a pleading only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a). At this stage of the

ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO FILE A SECOND AMENDED
COMPLAINT AND MOTION TO FILE OVER-
LENGTH REPLY - 4

1  case and because Defendants oppose Plaintiff's current motion to amend, Plaintiff must have the

2  Court's leave to amend his complaint a second time. *See* Fed. R. Civ. P. 15(a)(2).

3  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

4  requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)

5  (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to

6  amend is appropriate, the district court considers 'the presence of any of four factors: bad faith,

7  undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health*

8  *Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d

9  877, 880 (9th Cir. 1999)).

10  Here, despite specific instruction from the Court (*see* Dkt. 88), Plaintiff's proposed

11  second amended complaint once again does not contain all of Plaintiff's facts and claims, as

12  evidenced by the praecipe that attempts to make further substantive changes to the proposed

13  second amended complaint, including adding a new defendant. The Court cannot piece a

14  complaint together from multiple filings. Accordingly, Plaintiff's motion to amend (Dkt. 122) is

15  DENIED.

16  The Court further finds additional opportunity to amend Plaintiff's complaint is not

17  warranted in light of the already lengthy history of this case and Plaintiff's litigation practices.

18  Plaintiff's pattern of repeatedly filing new versions of his proposed second amended complaint

19  before the previous version was ready for consideration by the Court caused unnecessary delay

20  in the resolution of this motion.

21  In addition, "[c]ourts have found undue delay weighing against granting leave to amend

22  where a motion for leave to amend is filed near or after the close of discovery." *Ewing v.*

23  *Megrdle*, No. CV 12–01334, 2015 WL 1519088, *4 (C.D. Cal. Mar. 26, 2015) (collecting Ninth

24

Circuit cases affirming denials of motions to amend due to undue delay when the motions were filed near or after the close of discovery). Similarly, a party may not use a motion for leave to amend as "a vehicle to circumvent summary judgment." *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) (abrogated on other grounds by *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001)) (citations omitted); *see also Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 972–73 (9th Cir. 1986) (citation omitted) (district court did not abuse its discretion in denying motion for leave to amend "[b]ecause the motion was made after discovery had commenced and at the same time [Defendant] moved for summary judgment"); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (upholding district court's denial of leave to amend because the pending motion for summary judgment "and possible disposition of the case would be unduly delayed by granting the motion"); *Christen v. Wash. Dep't of Corr.*, No. C10-5250, 2012 WL 195039, at *2 (W.D. Wash. Jan. 23, 2012) (denying plaintiff's motion to amend and noting amendment would "prejudice Defendants as they have already filed their motion for summary judgment").

Here, Defendants timely filed their motion for summary judgment before Plaintiff filed the current version of his motion for leave to file a second amended complaint. *See* Dkts. 80, 122. Allowing Plaintiff further opportunity to amend his complaint would delay the disposition of Defendants' motion for summary judgment and unduly delay the resolution of this case. Further, Plaintiff may not use a motion to amend as an end-run around summary judgment. *See Schlacter-Jones*, 936 F.2d at 443. Accordingly, further opportunity for Plaintiff to file a second amended complaint is not warranted.

### III.    Conclusion

For the reasons discussed above, the Court **ORDERS** as follows:

1. Plaintiff's motion for leave to file over-length reply (Dkt. 152) is DENIED.

2. Plaintiff's seventh motion for leave to file a second amended complaint (Dkt. 122) is DENIED.

Dated this 16th day of April, 2025.

David W. Christel
United States Magistrate Judge