UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REGINALD WAYNE WILTON,<br><br>    Plaintiff,<br>v.<br><br>RONALD HAYNES et al.,<br><br>    Defendants. | CASE NO. 3:23-cv-05721-TL-DWC<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David W. Christel (Dkt. No. 168) and Plaintiff's objections to the Report and Recommendation (Dkt. No. 169). Having reviewed the Report and Recommendation, Plaintiff's objections, Defendant's response (Dkt. No. 171), Plaintiff's reply to Defendant's response (Dkt. No. 173), and the remaining record, the Court ADOPTS IN PART the Report and Recommendation but also SUSTAINS IN PART and OVERRULES IN PART Plaintiff's objections.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The Report and Recommendation was filed on April 16, 2025. Dkt. No. 168. Plaintiff participates in the mandatory prisoner e-filing program. *See* W.D. Wash. Gen. Order Nos. 06-16, 02-15. Therefore, Plaintiff's objections were due on April 30, 2025.

Plaintiff filed both objections and supplemental objections to the Report and Recommendation on May 7, 2025. Dkt. No. 169 at 1–15 (objections), 24–30 (supplemental objections). On May 15, 2025, Plaintiff filed a correction to his objections, amending a page number cited in the original filing. Dkt. No. 170. On May 30, 2025, Plaintiff filed amended objections with "additional authority in support" and "some more contrary evidence." Dkt. No. 172. On June 10, 2025, Plaintiff filed a praecipe to his objections with a corrected page "where the argument in support had not been cited correctly." Dkt. No. 174.

Along with his reply to Defendants' response, Plaintiff submitted a declaration swearing that he did not receive the Report and Recommendation until April 21, 2025, and that due to the delayed delivery, he could not make arrangements with the librarian to have his objections filed within the fourteen-day time period for objections. Dkt. No. 173 at 7–8. Although Plaintiff

should have filed a motion for extension of time or explained the reason for the late response in his original objections, Plaintiff is appearing pro se, so the Court will allow some leeway. The Court would have granted a short extension under the circumstances if one had been requested, and, therefore, the Court FINDS that Plaintiff's objections were timely filed.

However, Defendants correctly note that Plaintiff's objections are overlength. Dkt. No. 171 at 1. Local Civil Rule 72 requires that "objections to a magistrate judge's order . . . shall not exceed 4,200 words or, if written by hand or typewriter, twelve pages." Since Plaintiff's objections appear to be typewritten—and, in any case, he has not certified a word count—the twelve-page limit applies. Plaintiff claims that Defendants have not proffered that his objections were overlength. Dkt. No. 173 at 2. But it is hard to see how Plaintiff can dispute that his objections were overlength. The main portion of his objections is fifteen pages long, each page is numbered at the bottom, and the page bearing Plaintiff's signature is clearly marked "15." *See* Dkt. No. 169 at 1–15. Plaintiff further exceeded the limit by attaching an additional seven pages of supplemental objections. As the supplemental objections (i.e., Docket No. 169, pages 24–30) clearly violate the rule, the Court STRIKES these pages and will not consider them.

As to the substance of his main objections, Plaintiff states that he "has determined . . . to assert an issue not thoroughly addressed in the R&R" (*id.* at 1) and goes on to solely discuss his claims as related to a single medical condition, narcolepsy. *See generally id.* Therefore, the Court finds that Plaintiff has waived his objections with regard to any of the issues discussed in the original Report and Recommendation, finds that those issues were well-reasoned, and ADOPTS the Report and Recommendation as to those issues. However, the Court agrees that the issue of the treatment of Plaintiff for narcolepsy, which was raised in the summary judgment pleadings, was not addressed in the Report and Recommendation.

Therefore, the Court ORDERS as follows:

(1) The Report and Recommendation (Dkt. No. 168) is ADOPTED IN PART.

    (a) Defendants' motion to strike (Dkt. No. 140) and Plaintiff's motion to strike (Dkt. No. 156) are DENIED.

    (b) Defendants' motion to strike (Dkt. No. 160) is GRANTED IN PART, and Plaintiff's addendum to his response opposing summary judgment (Dkt. No. 143) and statement of disputed facts (Dkt. No. 155) are STRICKEN.

    (c) Defendants' motion for summary judgment (Dkt. No. 80) is GRANTED IN PART, and Plaintiff's claims except those relating to the treatment of his narcolepsy are DISMISSED WITH PREJUDICE.

    (d) Because summary judgment has not been granted in full, the Court DECLINES to deny the remaining pending motions as moot. Plaintiff's motion to substitute a party (Dkt. No. 50), motion for preliminary injunction (Dkt. No. 136), motion for default judgment (Dkt. No. 144), and motion for judicial estoppel (Dkt. No. 161) remain pending for consideration before Magistrate Judge Christel.

(2) Plaintiff's objection that his arguments regarding the treatment he received for narcolepsy were not thoroughly addressed is SUSTAINED, but all other objections to the Report and Recommendation are OVERRULED.

(3) Plaintiff's supplemental objections (Dkt. No. 169 at 24–30) are STRICKEN.

(4) Defendants' Motion for Summary Judgment (Dkt. No. 80) is REFERRED to Magistrate Judge Christel for further consideration regarding the treatment of Plaintiff's narcolepsy only.

(5) The Clerk is DIRECTED to send copies of this Order to Plaintiff, counsel for Defendants, and the Hon. David W. Christel.

Dated this 12th day of August, 2025.

Tana Lin
United States District Judge

ORDER ON REPORT AND RECOMMENDATION – 5