1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

REGINALD WAYNE WILTON,

12                                    Plaintiff,
          v.

13   RONALD HAYNES et al.,

14                                    Defendants.

CASE NO. 3:23-cv-05721-TL-DWC

ORDER ON REPORT AND
RECOMMENDATION AND
MOTION TO AMEND COMPLAINT

15
16
17      This matter comes before the Court on the Report and Recommendation of United States

18   Magistrate Judge David W. Christel (Dkt. No. 177) and Plaintiff's "Motion Requesting to File a

19   Supplemental Amended Complaint" (Dkt. No. 179). Having reviewed the Report and

20   Recommendation, Plaintiff's objections to the Report and Recommendation (Dkt. No. 178),

21   Defendants' response to Plaintiff's objections (Dkt. No. 183), Plaintiff's motion to amend,

22   Defendants' response to the motion to amend (Dkt. No. 182), and the remaining record, the

23   Court ADOPTS the Report and Recommendation and OVERRULES Plaintiff's objections and also

24   DENIES Plaintiff's motion to amend.

1

## I.    REPORT AND RECOMMENDATION

The Court assumes familiarity with the background of this case, which has been thoroughly presented in the two Reports and Recommendations. *See* Dkt. No. 168 at 3-12; Dkt. No. 177 at 2. On August 12, 2025, the Court adopted in part Judge Christel's first Report and Recommendation (Dkt. No. 168) and referred Defendants' motion for summary judgment (Dkt. No. 80) back to Judge Christel for consideration of a single issue: Plaintiff's arguments regarding the treatment he received for narcolepsy. Dkt. No. 176 at 4. On August 25, 2025, Judge Christel entered the instant Report and Recommendation on this narrow issue alone. Dkt. No. 177.

### A.    Legal Standard

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

### B.    Discussion

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The instant Report and Recommendation was filed on August 25, 2025.

Dkt. No. 177. Plaintiff participates in the mandatory prisoner e-filing program. *See* W.D. Wash. Gen. Orders Nos. 06-16, 02-15. Therefore, Plaintiff's objections were due on September 8, 2025.

Magistrate Judge Christel found that:

> Plaintiff's complaint cannot fairly be said to contain the claim that he was "denied constitutionally adequate healthcare in diagnosing and treating him for his narcolepsy condition" asserted in his response to summary judgment. A single reference to a symptom in Plaintiff's complaint is not sufficient to give Defendants fair notice that Plaintiff intended to assert a separate claim for deficient treatment of narcolepsy.

Dkt. No. 177 at 4.

Plaintiff filed timely objections to the Report and Recommendation on September 4, 2025. Dkt. No. 178.

### 1.       Plaintiff's First Objection

Plaintiff's first objection asserts that there was more than a single reference to this claim. Dkt. No. 178 at 3. However, the other "references" Plaintiff cites are not in his complaint but in Defendants' answers, which simply quote Plaintiff's kites from dates mentioned in his complaint. *Id.* (citing Dkt. Nos. 18, 32, 127). A review of Plaintiff's complaint reveals that Judge Christel is correct, and there is only a single, fleeting mention of Plaintiff's narcoleptic condition. *See generally* Dkt. Nos. 6, 8. The Court agrees that this single, fleeting reference is insufficient to give Defendants fair notice pursuant to Federal Rule of Civil Procedure 8 that Plaintiff intended to assert a separate claim for the treatment he received for his narcolepsy. Plaintiff also argues that Judge Christel mischaracterized his narcolepsy claim as a separate claim. Dkt. No. 178 at 4. But it was Plaintiff who asserted in his objections to the first Report and Recommendation in this matter that his claims related to his narcolepsy were not addressed. *See generally* Dkt. No. 169.

For these reasons, the Court OVERRULES Plaintiff's first objection.

1    **2.      Plaintiff's Second Objection**

2        Plaintiff's second objection is that he was never given an opportunity to amend his

3    complaint. Dkt. No. 178 at 4. However, this is not accurate. First, Plaintiff has filed multiple,

4    amended complaints (often without permission), as documented in Defendants' response. Dkt.

5    No. 183 at 3–5. Second, Judge Christel granted Plaintiff leave to refile a motion to amend with

6    one proposed amended complaint with a deadline of June 14, 2024. Dkt. No. 88.

7        Plaintiff is generally correct that "leave to amend should be granted unless the court

8    determines that the allegation of other facts consistent with the challenged pleading could not

9    possibly cure the deficiency." *Or. Clinic, PC v. Fireman's Fund Ins. Co*., 75 F.4th 1064, 1073

10   (9th Cir. 2023) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401

11   (9th Cir. 1986)). However, a Plaintiff need not be given multiple chances to amend a deficient

12   complaint. It is well established that "[l]eave need not be granted where the amendment of the

13   complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an

14   exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149,

15   1160 (9th Cir. 1989). Further, a "district court's discretion to deny leave to amend is particularly

16   broad where plaintiff has previously amended the complaint." *Id.*

17       In this case, Plaintiff has complained about his narcoleptic episodes since at least

18   September 1, 2021 (Dkt. No. 6 at 12-13), or at least two years before he filed his original

19   complaint on August 9, 2023 (Dkt. No. 1). Plaintiff was granted one opportunity to amend his

20   complaint and took many other opportunities to do so, even without leave. Yet, through all those

21   opportunities, he did not expand upon or include any more facts relating to this condition.

22   Instead, Plaintiff waited until after Defendants had litigated the case through discovery and

23   summary judgment and until his objections to the first Report and Recommendation to focus on

24   his narcoleptic condition. A plaintiff cannot be allowed to lie in wait until such a late stage in the

case to try and flesh out a claim that was raised in mere passing but that was known to the plaintiff since the outset of the case. The Court finds that this both causes undue prejudice to the opposing party and creates undue delay, especially where the case has been litigated now for over two years and through dispositive motions.

For these reasons, the Court OVERRULES Plaintiff's second objection.

## II.    PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff's motion is a request to file a ninth amended complaint. For these same reasons that the Court overruled Plaintiff's second objection to the Report and Recommendation, *see supra* Section I.B.2., the Court DENIES Plaintiff's motion to file a supplemental amended complaint (Dkt. No. 179).

## III.    CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) The Report and Recommendation (Dkt. No. 177) is ADOPTED IN FULL, and Plaintiff's claim regarding his diagnosis and treatment for narcolepsy is DISMISSED WITHOUT PREJUDICE.

(2)  Defendants' motion for summary judgment (Dkt. No. 80) is GRANTED IN FULL.

(3) Plaintiff's motion to substitute a party (Dkt. No. 50), motion for preliminary injunction (Dkt. No. 136), motion for default judgment (Dkt. No. 144), and motion for judicial estoppel (Dkt. No. 161) are DENIED AS MOOT.

(4) Plaintiff's "Motion Requesting to File a Supplemental Amended Complaint" (Dkt. No. 179) is DENIED.

//

//

//

1      (5)  The Clerk is DIRECTED to send copies of this Order to Plaintiff, counsel for

2      Defendants, and the Hon. David W. Christel.

Dated this 13th day of November, 2025.

Tana Lin
United States District Judge